```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>James Ferreira</u>

    **v.**　　　　　　　　　　　　　　　Civil No. 13-cv-425-PB
　　　　　　　　　　　　　　　　　　　Opinion No. 2014 DNH 038
<u>Monadnock Paper Mills, Inc.</u>


<u>**MEMORANDUM AND ORDER**</u>

James Ferreira claims that his former employer, Monadnock Paper Mills, Inc., terminated his employment because he requested sick leave under the Family and Medical Leave Act (FMLA). Monadnock moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). I grant the motion.

### I.　<u>BACKGROUND</u>[1]

James Ferreira began working at Monadnock on August 2, 2010. He earned $19.17 an hour working as a Class B Coater, which required him to load and unload rewinding machines, operate a fork truck, and operate a flatbed truck. Ferreira became ill during the second week of May 2013. He was

---

[1] The facts are drawn from the complaint (Doc. No. 1) unless otherwise noted.

unable to work on May 14, 2013 and saw his physician the following day. Ferreira hand-delivered a note from his physician to a representative of Monadnock on the same day as his doctor's appointment. The note informed Monadnock that Ferreira would be unable to work that week due to his illness. Monadnock terminated Ferreira's employment later that day.

On September 26, 2013, Ferreira filed a complaint against Monadnock in this court, alleging violations of the FMLA and a New Hampshire common law claim for wrongful termination. He claims that Monadnock is an "employer" as defined in 29 U.S.C. § 2611(4), that he is an "eligible employee" as defined in 29 U.S.C. § 2611(2), that he was "entitled to leave" pursuant to 29 U.S.C. § 2612(a)(1), and that Monadnock denied his request for leave, resulting in his loss of wages and benefits. Monadnock moved to dismiss the complaint on November 25, 2013. Doc. No. 6. Ferreira objected to the motion but stipulated to the dismissal of his wrongful termination claim. Doc. No. 7-1.

## II.  **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal,

2

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678 (citation omitted).

In deciding a motion to dismiss, I employ a two-step approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (alterations and internal quotation marks omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id. Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Twombly, 550 U.S. at 556.  The "make-or-break

3

standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

### III.  ANALYSIS

To maintain a claim that he was denied benefits in violation of the FMLA, Ferreira must prove that: (1) he was an "eligible employee"; (2) Monadnock was a covered employer; (3) Ferreira was entitled to FMLA benefits; (4) Ferreira gave Monadnock notice of his intention to use his benefits; and (5) Monadnock failed to honor Ferreira's right to benefits.[2]  See, e.g., Spurling v. C & M Fine Pack, Inc., 739 F.3d 1055, 1062

---

[2] The FMLA also makes it unlawful for an employer to retaliate against an employee for attempting to exercise FMLA rights. See, e.g., Pagán-Colón v. Walgreens of San Patricio, Inc., 697 F.3d 1, 9 (1st Cir. 2012).  In addition to the first four elements noted above, an FMLA retaliation claim also requires proof that the employee suffered an adverse employment action because of the employer's retaliatory animus.  Id.  It is unclear from the complaint whether Ferreira is attempting to assert a retaliation claim or whether he is making a claim that Monadnock denied him benefits that he was entitled to under the FMLA.  I assume for the purposes of this decision that he intends only to assert a denial of benefits claim.

(7th Cir. 2014); see also Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 331 (1st Cir. 2005) (noting that "no showing as to employer intent is required" to maintain an FMLA claim for denial of benefits).

To be an "eligible employee," Ferreira must (1) have been employed "for at least 12 months by [Monadnock]," (2) have been employed "for at least 1,250 hours of service with [Monadnock] during the previous 12-month period," but (3) not have been "employed at a worksite at which [Monadnock] employs less than 50 employees if the total number of employees employed by [Monadnock] within 75 miles of that worksite is less than 50." See 29 U.S.C. § 2611(2)(A), -(2)(B)(ii).  To be a covered employer, Monadnock must have "employ[ed] 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."  See id. § 2611(4)(A)(i).  To be entitled to FMLA benefits, Ferreira must have had a "serious health condition" that (1) involved either "inpatient care in a hospital, hospice, or residential medical care facility" or "continuing treatment by a health care provider" and (2) rendered him "unable to perform the functions of" a Class B Coater.  See id. §§ 2611(11); 2612(a)(1)(D).  To have provided sufficient notice to Monadnock of his intention to

5

use FMLA benefits, Ferreira must have (1) requested leave "as soon as practicable under the facts and circumstances" and (2) "provide[d] sufficient information for [Monadnock] to reasonably determine whether the FMLA may apply to [his] leave request." See 29 C.F.R. § 825.303(a-b).

In analyzing Ferreira's complaint, "I first begin by identifying pleadings in [the] Complaint that are no more than legal conclusions, not supported by factual allegations, and therefore fail entitlement to the assumption of truth." See Johnson v. Dollar Gen., 778 F. Supp. 2d 934, 944 (N.D. Iowa 2011) (citing Iqbal, 556 U.S. at 678-79); accord Ocasio-Hernández, 640 F.3d at 12. Bald assertions that Monadnock is an "employer," that Ferreira is an "eligible employee," and that Ferreira "was entitled to leave" as those terms are defined in the FMLA are textbook examples of "mere[] . . . legal conclusions couched as fact." See Ocasio-Hernández, 640 F.3d at 12; accord Kiniropoulos v. Northampton Cnty. Child Welfare Serv., 917 F. Supp. 2d 377, 391 n.18 (E.D. Pa. 2013); Weise v. Eisai, Inc., No. 11-CV-00713-WJM-MJW, 2012 WL 84701, at *3 (D. Colo. Jan. 11, 2012). When these legal conclusions are stripped from the complaint, the remaining factual allegations, which I assume at this stage to be true, do not state a plausible case

for relief.  See Sepúlveda-Villarini, 628 F.3d at 29; cf. Kiniropoulos, 917 F. Supp. 2d at 391-92 & n.18; Weise, 2012 WL 84701, at *3; Johnson, 778 F. Supp. 2d at 944.

First, the complaint does not allege sufficient facts to support a reasonable inference that Ferreira is an "eligible employee" because it does not mention the number of hours that he worked during the year prior to his leave request, the number of individuals employed at his worksite, or the number of individuals employed by Monadnock within seventy-five miles of that worksite.  See 29 U.S.C. § 2611(2)(A), -(2)(B)(ii); Kiniropoulos, 917 F. Supp. 2d at 391-92 & n.18.  Second, the complaint does not permit a reasonable inference that Monadnock is a covered employer because it does not allege that Monadnock employed a sufficient number of employees during the requisite period prior to the leave request.  See 29 U.S.C. § 2611(4)(A)(i); Adams v. High Purity Sys. Inc., No. 1:09-CV-354-GBL, 2009 WL 2391939, at *8 (E.D. Va. July 2, 2009), aff'd, 382 F. App'x 269 (4th Cir. 2010).  Third, the complaint does not permit a reasonable inference that Ferreira was entitled to FMLA benefits because it does not allege that his illness required inpatient care or continuing treatment from a health care

7

provider.[3]  See 29 U.S.C. §§ 2611(11); 2612(a)(1)(D); Johnson, 778 F. Supp. 2d at 947.  Fourth, the complaint does not allege sufficient facts to permit a reasonable inference that Ferreira provided Monadnock the requisite notice of his intention to use FMLA benefits.[4]  See Johnson, 778 F. Supp. 2d at 949; 29 C.F.R. § 825.303(a-b).

Ferreira has sufficiently pled the fifth element of a FMLA denial of benefits claim – that his termination constituted an implicit denial of his request for leave – but the scant factual allegations supporting the other elements do not "raise a right to relief above the speculative level," see Twombly, 550 U.S. at

---

[3] Although Ferreira has alleged "an in-person visit to a doctor of medicine," that fact alone is insufficient to permit a reasonable inference that he had a "serious health condition" as defined in the FMLA.  See Johnson, 778 F. Supp. 2d at 947 ("The continuing treatment test for a serious health condition is met if an employee is incapacitated . . . for more than three consecutive days and . . . is treated by a health care provider on two or more occasions." (quoting Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005))).

[4] Ferreira alleges that he gave an unidentified person at Monadnock a note from his doctor stating that he would be unable to work that week due to an unspecified illness, but this information alone would not notify Monadnock that Ferreira was requesting FMLA benefits.  The note must have also put Monadnock on notice that Ferreira required "inpatient care . . . or continuing treatment by a health care provider," and the complaint alleges no such facts.  See Johnson, 778 F. Supp. 2d at 947 (quoting Woods, 409 F.3d at 990 (quoting 29 U.S.C. § 2611(11))).

8

555, warranting dismissal of the claim.  Ferreira has requested leave to amend the complaint, however, see Doc. No. 7-1, which I am inclined to grant.  See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires."); Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (quoting Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002))).

## IV.  CONCLUSION

For the foregoing reasons, I grant Monadnock's motion to dismiss the complaint in its present form (Doc. No. 6).  Ferreira shall file a motion for leave to amend his complaint, together with a proposed amended complaint addressing the noted deficiencies, within fourteen days.

SO ORDERED.

/s/Paul Barbadoro  
Paul Barbadoro  
United States District Judge

February 25, 2014

cc:   David P. Slawsky, Esq.  
      Beth A. Deragon, Esq.  
      R. Matthew Cairns, Esq.